IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| EMMA CASTILLO ROCHA, | § | |
| ANDREY RODRIGUEZ, LORI DIAZ, | § | |
| SAM CASTANEDA, and | § | |
| LAWRENCE DIAZ, INDIVIDUALLY | § | |
| AND AS HEIRS TO THE ESTATE OF | § | |
| LORENZO DIAZ CASTILLO, | § | |
| DECEASED | § | CASE NO. 22-822 |
| *Plaintiffs*, | § | JURY DEMAND |
| | § | |
| v. | § | |
| | § | |
| HK CAPITAL MANAGEMENT, LP, | § | |
| DBA: ASHFORD COMMUNITIES | § | |
| *Defendant*. | § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Plaintiffs Emma Castillo Rocha, Andrey Rodriguez, Lori Diaz, Sam Castaneda, and Lawrence Diaz, Individually and as Heirs to the Estate of Lorenzo Diaz Castillo, Deceased, (hereinafter sometimes referred to as "Plaintiffs") and hereby files this Original Complaint complaining of HK Capital Management, LP, dba: Ashford Communities, (hereinafter sometimes referred to as "Defendant"), and for causes of action would show the Court the following:

I.

DISCOVERY

1.1    Plaintiffs intends to conduct discovery in accordance with the Scheduling Order to be entered by the Court.

II.

THE PARTIES

2.1   Plaintiffs are individuals who can be contacted through counsel.

2.2   Defendant HK Capital Management, LP, dba: Ashford Communities is an entity that can be served through its registered agent, Ashok Kumar, 6718 Demoss Drive, Houston, Texas 77074.

III.

JURISDICTION, VENUE AND CONDITION PRECEDENT

3.1   Jurisdiction is invoked pursuant to 42 U.S.C. § 1983 to enforce 42 U.S.C. § 1981.

3.2   Venue is proper in the Western District of Texas as it is the district in which a substantial part of the events giving rise to these claims occurred.

3.3   All conditions precedent have been performed or have occurred.

IV.

FACTS

4.1   This action arises out of the wrongful death of Lorenzo Diaz Castillo who died on August 11, 2020.

4.2   Mr. Castillo worked for Defendant. People in his office were not taking proper precautions with respect to Covid, no masks or gloves were given to the workers, and managers kept sending Hispanic workers such as Mr. Castillo to fix things in apartments, even if tenants had tested positive for Covid.

4.3   Another manager even tested positive for Covid and still Mr. Castillo kept being called into work to work with the manager.

4.4   Hispanic workers for Defendant beared the brunt of Covid, and Mr. Castillo was no exception as he lost his life because Defendant did not take proper precautions with respect to vulnerable individuals such as Mr. Castillo.

4.5   The claim for discriminatory conduct based on Hispanic origin is brought pursuant to 42 U.S.C. § 1981. Mr. Castillo was consistently and systematically the victim of discriminatory treatment based on his national origin, and he died as a result of being discriminated against on the basis of his Hispanic origin.

4.6   The acts and omissions of Defendant set forth above and below proximately caused Lorenzo Diaz Castillo's tragic death.

V.

CAUSES OF ACTION

5.1   The allegations contained in Paragraphs 4.1 through 4.6 inclusive are hereby incorporated by reference for all causes of action.

Discrimination

5.2   42 U.S.C. § 1981 prohibits discrimination in the making and enforcing of contracts. Defendant intentionally violated this statute by discrimination against him based on his Hispanic national origin.

Negligence

5.3   Defendant HK Capital Management, LP, dba: Ashford Communities owed a duty of reasonable care. Defendant breached that duty and was negligent by the following actions and inactions:

    (A)    failing to maintain proper procedures with respect to Covid;

    (B)    operating an unsafe workplace;

    (C)    failing to ensure that Plaintiff was not in a dangerous environment;

    (D)    other acts of negligence.

5.4    Such negligence and negligence per se was a proximate cause of Plaintiffs' damages, as more fully set forth below.

### Wrongful Death

5.5    Plaintiffs Emma Castillo Rocha, wife of the Deceased, and the Deceased's children, Andrey Rodriguez, Lori Diaz, Sam Castaneda, and Lawrence Diaz the are bringing this wrongful death claim against Defendant, whose acts and omission as more fully described above caused the death of Lorenzo Diaz Castillo. Defendant is therefore liable for all of Plaintiffs' damages, as morefully set forth below.

### Survival Claims

5.6    Plaintiffs are legal representatives of the estate of Mr. Castillo. The deceased had causes of action fo discrimination and personal injury that became apparent on the day he died. No administration is pending and none is necessary. Defendant's conduct caused Mr. Castillo's injuries and Defendant discriminated against him, which led to both his untimely death and the damages stated below.

### VI.

### DAMAGES

6.1    As a result of Defendant's act and omissions as set forth above, Plaintiffs have suffered actual damages. Plaintiffs bring this lawsuit against Defendant for recovery of loss of companionship and

society, and mental anguish caused by the untimely death of Lorenzo Diaz Castillo.

6.2   Mr. Castillo himself suffered mental anguish as a result of Defendant's actions.

6.3   Plaintiffs further seek punitive and exemplary damages from Defendant, as well as attorneys fees.

## VII.

## JURY DEMAND

7.1   Plaintiffs demand a trial by jury of all the issues and facts in this case.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and, upon final trial, Plaintiffs have Judgment against Defendant as requested above, and as follows:

1. Judgment against Defendant for all damages alleged in this petition;

2. Interest before and after judgment at the highest rate provided by law, until paid;

3. Costs of suit, including attorneys fees;

4. Such other and further relief to which Plaintiffs may be justly entitled.

Respectfully submitted,

THE MELTON LAW FIRM, P.L.LC.
925 South Capital of Texas Highway, Suite B225
Austin, Texas 78746
(512) 330-0017 Telephone
(512) 330-0067 Facsimile
jmelton@jfmeltonlaw.com

*/s/ John F. Melton*
John F. Melton

State Bar No. 24013155

ATTORNEYS FOR PLAINTIFFS