# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **EMMA CASTILLO ROCHA,** | § | |
| **ANDREY RODRIGUEZ, LORI DIAZ,** | § | |
| **LAWRENCE DIAZ, and SAM** | § | |
| **CASTANEDA, individually and as** | § | |
| **heirs to the estate of Lorenzo Diaz** | § | |
| **Castillo,** | § | **Case No. 1:22-CV-00822-ADA** |
| *Plaintiffs* | § | |
| | § | |
| **v.** | § | |
| | § | |
| **HK CAPITAL MANAGEMENT, LP** | § | |
| **d/b/a ASHFORD COMMUNITIES,** | § | |
| *Defendant* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ALAN ALBRIGHT
       UNITED STATES DISTRICT JUDGE

Before the Court are Defendant HK Capital Management, LP DBA Ashford Communities'

Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint, filed March 14, 2023

(Dkt. 15), and Plaintiffs' Response, filed March 28, 2023 (Dkt. 16). The District Court referred

the Motion to this Magistrate Judge for Report and Recommendation, pursuant to 28 U.S.C.

§ 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local

Court Rules of the United States District Court for the Western District of Texas ("Local Rules").

Dkt. 17.

## I.   Background

Plaintiffs Emma Castillo Rocha, Andrey Rodriguez, Lori Diaz, Lawrence Diaz, and Sam

Castaneda, individually and on behalf of the estate of Lorenzo Diaz Castillo, bring this wrongful

death and race discrimination suit against Castillo's former employer, Defendant HK Capital

Management, LP, d/b/a Ashford Communities. Plaintiffs allege that Castillo died from COVID-

1

19 on August 11, 2020 after contracting the virus from a co-worker. Dkt. 14 (First Amended

Complaint) ¶ 4.1. Plaintiffs allege that employees in Castillo's office

> were not taking proper precautions with respect to Covid, no masks
> or gloves were given to the workers, and managers kept sending
> Hispanic workers such as Mr. Castillo out to fix things in
> apartments, even if tenants had tested positive for Covid and
> knowing that Hispanic individuals such as Mr. Castillo were at a
> higher vulnerability for dying from Covid.

*Id.* ¶ 4.2. Plaintiffs allege that Castillo was required to work with a manager who had tested positive

for COVID-19 and that an assistant manager, who also had COVID-19, was allowed to return to

work without showing proof of a negative test result. *Id.* ¶ 4.3. Plaintiffs allege that Castillo "died

from Covid as a result of being discriminated against on the basis of his Hispanic origin." *Id.* ¶ 4.5.

In their First Amended Complaint, Plaintiffs assert claims for negligence, wrongful death, and

national origin discrimination under 42 U.S.C. § 1981. Defendant moves to dismiss all Plaintiffs'

claims under Federal Rule of Civil Procedure 12(b)(6).

## II.   Legal Standard

Rule 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which

relief can be granted. "A motion to dismiss for failure to state a claim concerns the formal

sufficiency of the statement of the claim for relief, not a lawsuit's merits." *Sewell v. Monroe City

Sch. Bd.*, 974 F.3d 577, 582 (5th Cir. 2020) (quotation marks and citation omitted). In deciding a

Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts "all well-pleaded

facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal

Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas

Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). A complaint must contain sufficient

factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has

facial plausibility when the plaintiff pleads factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201. *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

### III.   Analysis

Defendant argues that Plaintiffs' discrimination claim should be dismissed because it is inconsistent with their negligence theory and Plaintiffs attempt to "frame a wrongful death negligence claim as one of intentional discrimination." Dkt. 15 at 2. Defendant also contends that Plaintiffs do not allege sufficient facts to demonstrate a plausible right to relief.

### A.  Alternative Theories

First, Defendant argues that Plaintiffs' discrimination claim under 42 U.S.C. § 1981 inherently contradicts their negligence theory. Dkt. 15 at 2. It is well established that plaintiffs may plead alternative theories of recovery, even if those theories are inconsistent or based on inconsistent allegations of fact. *See, e.g.*, FED. R. CIV. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."); *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 674 (5th Cir. 2003) ("Plaintiffs are permitted to plead in the alternative."); 5 CHARLES ALAN WRIGHT & ARTHUR MILLER, FEDERAL PRACTICE & PROCEDURE § 1283 (4th ed. 2023) (stating that

a party may include inconsistent legal theories and allegations in their pleading). Because Plaintiffs plead negligence in the alternative, Defendant's argument lacks merit.

**B.  Section 1981**

Next, Defendant argues that Plaintiffs do not state a claim for intentional discrimination because they allege neither that similarly situated non-minorities received more favorable treatment than Castillo nor that race was the but-for cause of his injury. Plaintiffs respond that they have pled sufficient facts to raise a reasonable inference of intentional discrimination at the motion to dismiss stage.

To establish a § 1981 discrimination claim, a plaintiff must allege that (1) he is a member of a racial minority, (2) the defendant intended to discriminate on the basis of race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 386 (5th Cir. 2017). A plaintiff must plead but-for causation as part of the second element. *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) ("To prevail, a plaintiff must initially plead and ultimately prove that, but for race, it would not have suffered the loss of a legally protected right.").

Defendant does not dispute that Plaintiffs have pled the first element by alleging that Castillo was Hispanic. But the Court finds that Plaintiffs have not satisfied the second element – alleging discriminatory intent – because they do not allege that similarly situated non-Hispanic employees were treated differently than Castillo.

In their response, Plaintiffs seek leave to file an amended complaint alleging that "white co-workers were not subjected to the same treatment as Plaintiff." Dkt. 16 at 8. Generalized allegations of disparate treatment are insufficient to state a claim, but: "An allegation that similarly situated non-minorities received better treatment could create the necessary inference and set the predicate for establishing the section 1981 claim." *Body by Cook*, 869 F.3d at 386.

Courts should freely grant leave to amend when justice so requires. FED. R. CIV. P. 15(a)(2). Granting leave to amend "is especially appropriate . . . when the trial court has dismissed the complaint for failure to state a claim." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) (quoting *Griggs v. Hinds Junior Coll.*, 563 F.2d 179, 180 (5th Cir. 1977) (per curiam)).

Plaintiffs did not file a copy of the proposed amended pleading, as required under Local Rule CV-7(b). Nonetheless, because they propose facts that address the deficiencies in the complaint, the Court recommends that leave to amend should be granted. *See Peña v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018) ("The failure to attach a copy of the proposed complaint is not, on its own, fatal to a motion to amend.").

## C.  State Law Claims

Defendant addresses the sufficiency of Plaintiffs' negligence and wrongful death allegations together, arguing that Plaintiffs fail to plead "what Mr. Castillo's job duties were, how he allegedly contracted the Covid-19 virus, or how the few facts that were pled caused Mr. Castillo's death." Dkt. 15 at 12. Defendant also argues that Plaintiffs have not pled "when, where, how, or why Mr. Castillo contracted the Covid-19 virus, or how the source of infection was determined for a global virus that is essentially omnipresent." *Id.*

The Texas Wrongful Death Statute provides that "a person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or his agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." TEX. CIV. PRAC. & REM. CODE § 71.002(b). The ability to maintain a wrongful-death action "is entirely derivative of the decedent's right to have sued for his own injuries immediately prior to his death." *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 644 (Tex. 2009).

Plaintiffs' wrongful death claim is based on Defendant's alleged negligence. Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant, (2) breach of that duty, and (3) damages proximately resulting from that breach. *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008); *Nabors Drilling, U.S.A., Inc. v. Escoto*, 288 S.W.3d 401, 404 (Tex. 2009).

Plaintiffs allege that Castillo worked for Defendant, that "proper precautions" were not taken at his office because "no masks or gloves were given to the workers," and that employees, including a manager who had tested positive for COVID-19, came to work with COVID-19. Dkt. 14 ¶¶ 4.2-4.3. Plaintiffs allege that Castillo died on August 11, 2020, after "contracting the disease from a co-worker who was a management level employee of Defendant." *Id.* ¶ 4.1. The Court finds that these allegations are sufficient to plead a negligence and wrongful death action.[1]

## IV.   Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **GRANT IN PART and DENY IN PART** Defendant HK Capital Management, LP DBA Ashford Communities' Rule 12(b)(6) Motion to Dismiss Plaintiffs' First Amended Complaint (Dkt. 15). The Court recommends that the District Court **GRANT** Defendant's motion and **DISMISS** Plaintiffs' discrimination claim under 42 U.S.C. § 1981 without prejudice; **GRANT** Plaintiffs' request to amend their complaint to replead their discrimination claim; and **DENY** Defendant's motion to dismiss Plaintiffs' negligence and wrongful death claims.

---

[1] Some courts have held that the Pandemic Liability Protection Act ("PLPA"), Texas Civil Practice and Remedies Code § 148.003, requires a heightened showing on motion to dismiss for negligence claims involving injury or death caused by COVID-19. *See, e.g.*, *Chaney v. Tyson Foods, Inc.*, No. 6:22-CV-00190, 2023 WL 3260745, at *4 (E.D. Tex. Mar. 31, 2023). Others have held that the PLPA does not alter the pleading burden but instead is a defense that may be raised at summary judgment. *See, e.g.*, *Layne v. Esplanade Gardens Senior, Inc.*, No. SA-21-CV-00558-XR, 2022 WL 14225362, at *3 (W.D. Tex. Oct. 24, 2022). Because Defendant does not raise the PLPA, the Court does not address it.

It is **FURTHER ORDERED** that this case be **REMOVED** from this Magistrate Judge's docket and **RETURNED** to the docket of the Honorable Alan Albright.

### V.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on July 6, 2023.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE