**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **EMMA CASTILLO ROCHA, ANDREY RODRIGUEZ, LORI DIAZ, SAM CASTANEDA, and LAWRENCE DIAZ, INDIVIDUALLY AND AS HEIRS TO THE ESTATE OF LORENZO DIAZ CASTILLO, DECEASED,** | § | |
| ***Plaintiffs,*** | § | |
| **v.** | § | **CIVIL ACTION NO.: 1:22-cv-00822**<br>**JURY DEMAND** |
| **HK CAPITAL MANAGEMENT, LP, DBA: ASHFORD COMMUNITIES,** | § | |
| ***Defendant.*** | § | |

**ORDER**

Before the Court is Defendant HK Capital Management, LP's ("Defendant") Motion for Summary Judgment (Dkt. 37). Pursuant to Federal Rule of Civil Procedure 56, Defendant seeks summary judgment on all of Plaintiffs' claims. After considering Defendant's motion, Plaintiffs' response (Dkt. 43), Defendant's reply (Dkt. 45), and the applicable law and facts, the Court now renders the following order granting Defendant's motion in full with prejudice.

**BACKGROUND**

Plaintiffs filed this lawsuit against Defendant on August 11, 2022, asserting claims of discrimination under 42 U.S.C. § 1981, negligence, wrongful death, and survival. Dkt. 1. On February 13, 2023, Defendant moved to dismiss Plaintiffs' claims. Dkt. 11. On February 28, 2023, Plaintiffs filed their First Amended Complaint, asserting claims of discrimination under 42 U.S.C. § 1981, negligence, wrongful death, and survival. Dkt. 13. On March 14, 2023, Defendant moved to dismiss Plaintiff's amended Complaint. Dkt. 15. On September 1, 2023,

Plaintiffs filed their Second Amended Complaint, asserting claims for discrimination under 42 U.S.C. § 1981, negligence, wrongful death, and survival. Dkt. 22. On May 31, 2024, Plaintiffs filed their Third Amended Complaint asserting claims for discrimination under 42 U.S.C. § 1981, gross negligence, wrongful death, and survival. Dkt. 29. On June 30, 2025, Defendant filed its Motion for Summary Judgment. Dkt. 37. On August 15, 2025, the Court granted Plaintiffs' Motion for Extension of Deadline to Respond to Defendant's Motion for Summary Judgment and ordered Plaintiffs to file their response to the motion on or before August 18, 2025. Dkt. 42. On August 18, 2025, Plaintiffs filed their Response to Defendant's Motion for Summary Judgment. Dkt. 43. Plaintiffs submitted no evidence in support of their Response to Defendant's motion.

## **LEGAL STANDARD**

Summary judgment is appropriate where there is no genuine issue of material fact. Fed. R. Civ. P. 56(a). A movant may demonstrate entitlement to summary judgment by arguing that there is no evidence to support an essential element of the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has showed there is no evidence to support an essential element of the nonmovant's claim, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact so that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis original).

## **DISCUSSION**

Plaintiffs have asserted discrimination, gross negligence, wrongful death, and survival claims against Defendant. Plaintiffs also claim they suffered damages as a result of Defendant's

conduct. Defendant moves for summary judgment on each claim. (Dkt. 37) The Court addresses each claim in turn.

**A. 42 U.S.C. § 1981 discrimination claim.**

**a. Standard**

To establish discrimination under 42 U.S.C. § 1981 ("Section 1981"), Plaintiffs must show that (1) Mr. Diaz was a member of a racial minority; (2) Defendant had an intent to discriminate on the basis of Mr. Diaz's race; and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Bellows v. Amoco Oil Co*., 118 F.3d 268, 274 (5th Cir. 1997).

**b. Analysis**

Plaintiffs have alleged that Lorenzo Diaz was discriminated against on the basis of his national origin, not race. (Dkt. 29 ¶ 4.5) Plaintiffs have no evidence to demonstrate that Defendant had an intent to discriminate on the basis of Mr. Diaz's race or national origin. Plaintiffs have no evidence that Mr. Diaz was denied PPE because of his race or national origin. Plaintiffs also have no evidence that he was asked to perform certain work duties because of his race or national origin. Plaintiffs also have no evidence that any alleged discrimination "concerned one or more of the activities" enumerated in 42 U.S.C. § 1981.

Accordingly, Plaintiffs' discrimination claim under Section 1981 is dismissed.

**B. Gross negligence claim.**

**a. Standard**

To prove gross negligence, Plaintiffs must show that, viewed objectively from the actor's standpoint, an act or omission by Defendant involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Plaintiffs also must show that the actor had actual, subjective awareness of the risk involved, but nevertheless proceed in conscious

indifference to the rights, safety, or welfare of others. *Lee Lewis Constr., Inc. v. Harrison*, 70 S.W.3d 778, 785 (Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11).

**b. Analysis**

Plaintiffs have no evidence that any of Defendant's alleged acts or omissions involved an extreme degree of risk. Plaintiffs also have no evidence that anyone acting on behalf of Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded in conscious indifference to the rights, safety, or welfare of others, including Mr. Diaz.

Accordingly, Plaintiffs' gross negligence claim is dismissed.

**C. Wrongful death and survival claims.**

**a. Standard**

In Texas, under both the wrongful death and survival statutes, Plaintiffs must prove the occurrence of a wrongful act. *Davis v. Bills*, 444 S.W.3d 752, 757 (Tex. App.—El Paso 2014, no pet.); *see also THI of Tex. at Lubbock I, LLC v. Perea*, 329 S.W.3d 548, 568 (Tex. App.—Amarillo 2010, pet. denied). Plaintiffs also must prove (1) the wrongful or negligent conduct of the defendant, and (2) the proximate cause resulting in death. *Shell Oil Co. v. Humphrey*, 880 S.W.2d 170, 178 (Tex. App.—Houston [14th Dist.] 1994, writ denied).

**b. Analysis**

Plaintiffs have no evidence that Defendant committed a wrongful or negligent act. Additionally, Plaintiffs have no evidence that any of Defendant's acts or omissions proximately caused the death of Mr. Diaz.

Accordingly, Plaintiffs' wrongful death and survival claims are dismissed.

**D. There is no evidence that Plaintiffs suffered any damages as a result of Defendant's conduct.**

As explained above, Plaintiffs have no evidence that they suffered any damages as a result

of Defendant's acts or omissions.

Accordingly, summary judgment is appropriate on Plaintiff's claim for damages.

**CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant HK Capital Management, LP's Motion for Summary Judgment (Dkt. 37) in its entirety.

It is **ORDERED** that all claims asserted by Plaintiffs against Defendant are **DISMISSED WITH PREJUDICE**.

This is a final, appealable order disposing of all claims and all parties.

SIGNED on this 20th day of July, 2026.

Alan D Albright
United States District Judge